# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CARLOS ARZUAGA,  )
  Appellant  )
   )  ID # 1607001820
    v.  )
   )
STATE OF DELAWARE,  )
  Appellee.  )

November 29, 2017

Upon Appeal from a Decision of the
Court of Common Pleas. **AFFIRMED.**

## ORDER

Before the Court is an appeal from a criminal trial in the Court of Common Pleas on September 1, 2016. The Court has reviewed the parties' submissions and the record below. For the reasons that follow, the Court of Common Pleas decision is Affirmed.

## Background

On July 8, 2016 Wilmington Police arrested Appellant, Defendant Below, Carlos Arzuaga ("Appellant") related to an incident that occurred on July 1, 2016. On July 1, 2016 the Appellant had an altercation with Jessica Rosado ("Ms. Rosado"), the mother of his children. On July 1, 2016 Appellant went to Ms. Rosdao's parents house to pick up his children Carlos Arzuaga, Jr. and Xavier

Arzuaga. The boys did not want to leave with their father and there was an altercation. Appellant eventually left, and Ms. Rosado and her children went to the Wilmington Flea Market. Ms. Rosado and Carlos Arzuaga Jr. testified that when they left the market in Ms. Rosado's vehicle the Appellant followed Ms. Rosado in his vehicle. Ms. Rosado testified that he attempted to run her off the road and was within inches of her vehicle. Appellant was charged with three counts of Reckless Endangering 2nd Degree, two counts of Endangering the Welfare of a Child, and one count of Harassment. Appellant's case went to trial in the Court of Common Pleas on September 1, 2016. The Court of Common Pleas found Appellant guilty of three counts of Reckless Endangering 2nd Degree. Appellant was sentenced on November 18, 2016 and filed this appeal on November 22, 2016.

## Standard of Review

This Court has authority to review decisions made by the Court of Common Pleas pursuant to 11 *Del. C.* § 5301(c). This Court will not determine the credibility of the witnesses, make factual findings or weigh evidence.[1] Appeals to this Court from the Court of Common Pleas requires the Court to review "whether there is legal error and whether the factual findings made by the trial judge are sufficiently

---

[1] *See State v. McCoy*, 2012 WL 1415698, at *3 (Del. Super. Feb. 21, 2012)(citing *Burris v. Beneficial Delaware, Inc.*, 2011 WL 2420423, at *1 (Del. Super. Jan. 9, 2011)).

supported by the record and the product of an orderly and deductive process."[2] "Factual findings that are substantially supported by evidence must be accepted, even if this Court would have reached a different conclusion."[3] "In reaching its conclusions, the Superior Court may make findings of fact that contradict those of the trial judge only when the record below indicates that the trial judge's findings are 'clearly wrong' and this Court 'is convinced that a mistake has been made which, injustice, must be corrected'."[4]

## Discussion

First, Defendant argues that Carlos Arzuaga, Jr. was only asked questions that were "practiced and coached" by Ms. Rosado. There is no evidence before the Court to demonstrate that witness coaching existed at the trial. In fact, the court found both Carlos Arzuaga, Jr. and Ms. Rosado's testimony very credible. Second, Defendant argues that Carlos Arzuaga, Jr. was asked only leading questions on direct examination. "Leading questions should not be used on direct examination of a witness *except as may be necessary to develop his testimony*."[5] The court looks to whether the leading questions "undermined 'the fairness and integrity of the trial

[2] *Pizzichili v. Emmi*, 2011 WL 4731011, at *1 (Del. Super. Sept. 8, 2011)(citing *Onkeo v. State*, 2008 WL 3906076, at *1 (Del. Aug. 26, 2008)).

[3] *Pizzichili*, 2011 WL 4731011, at *1.

[4] *Id.* (citing *Frori v. State*, 2004 WL 1284205, at *1 (Del. Super. May 26, 2004)).

[5] *Everette v. Scott*, 2016 WL 2585768, at *3 (Del. April 26, 2016)(citing *Christiana Care Health Servs., Inc. v. Crist,* 956 A.2d 622, 626 (Del. 2008)).

process'."[6] Defendant does not point to a specific portion of Carlos Arzuaga, Jr.'s testimony demonstrating that any leading questions asked by the prosecution undermined the fairness and integrity of the trial process. Additionally, there was no objection at the trial. Thus the Court will not reverse the Court of Common Pleas' decision on this ground.

Finally, Defendant argues that "the verdict given was all based on opinion and speculation provided by testimony of Carlos Arzuaga, Jr. and Jessica Rosado," and there "was no physical evidence provided to substantiate any guilt." There is no requirement that guilt must be demonstrated by *physical* evidence at a trial. Further, as discussed above, this Court may only make findings of fact different from the trial judge when the judge's findings are clearly wrong. The trial judge made a well-reasoned bench ruling and was free to give weight to the witnesses' testimony as he saw fit. The judge found Carlos Arzuaga, Jr.'s testimony to be very persuasive and credible, and the judge gave his testimony great weight. The trial judge also found that Ms. Rosado's testimony was "amazingly consistent" with her child. The trial judge found that the altercation between Ms. Rosado and Appellant resulted in Appellant's vehicle coming within two or three inches of her car, and the court believed it happened about four times.

---

[6] *Id.* (citations omitted).

An individual is guilty of reckless endangering in the second degree when the "person recklessly engages in conduct which creates a substantial risk of physical injury to another person."[7] The trial judge found that Appellant causing Ms. Rosado to speed, run red lights, and block her driving is conduct that would create a substantial risk of physical injury to Ms. Rosado and the children in the vehicle. The factual findings of the Court of Common Pleas are supported by the record and are the product of an orderly and logical deductive process. Therefore, the decision by the Court of Common Pleas is **AFFIRMED**. Counsel's Motion to Withdraw is now moot.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.

---

[7] 11 *Del. C.* § 603(a)(1).